[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13408
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-60007-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD HOPE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 3, 2009)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Edward Hope appeals his 87-month sentence for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). No reversible error has been shown; we affirm.

Hope challenges the substantive reasonableness of the within guidelines sentence imposed; he argues that a below guidelines range sentence of 60-months would be more than sufficient. No error is claimed in the calculation of the 87 to 108-month guideline range.

Appellate review of the substantive reasonableness of a sentence -- whether inside or outside the guidelines range -- is under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). This review is deferential. A within guidelines range sentence is expected ordinarily to be reasonable; the appellant bears the burden of establishing the absence of reasonableness in the light of the record and the section 3553(a) factors. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008), citing United States v. Talley, 431 F.3d 784, 788 (11 Cir. 2005).

Hope argued at sentencing that his criminal history, his behavior during the three-year period pending indictment, his compliance with all conditions of pretrial

2

release, the dependency of his wife and children upon him for financial support, together with the absence of indication that he continued to possess child pornography, all required a sentence below the advisory guideline range. Hope also contended that a sentence near the 120-month statutory maximum would be unreasonable in the light of the facts of his case; a sentence of 60 months would be fair.

The transcript of the sentencing hearing makes it clear that the district court considered Hope's arguments and the section 3553(a) factors; the district court stated expressly that the arguments advanced by Hope in mitigation more properly were considered within the guideline range and supported a low-end guideline sentence. In short, the district court was unpersuaded that the factors upon which Hope relies justified a variance from the advisory guideline range.

Hope has failed to carry his burden of establishing that his sentence was substantively unreasonable. We cannot say the 87-month low-end guideline range sentence was "outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006), cert. dismissed 127 S.Ct. 3040 (2007), abrogated on other grounds Kimbrough v. United States, 128 S.Ct. 558 (2007). No clear error of judgment has been shown. See id. at 1363 (appellate court will only reverse a procedurally proper sentence

when convinced that the district court committed a clear error of judgment).

AFFIRMED.